hEZELL, J.
This appeal arises out of an auto accident. The plaintiff, Calem Rogers, was severely injured when the car in which she was riding struck another car at the intersection of Horseshoe Drive and Masonic *851 Drive in Alexandria.[1] At trial, the jury found that the intersection created an unreasonable risk of harm, but that the defendant, the (DOTD), did not have actual or constructive knowledge of the unreasonably dangerous condition. The trial judge granted a judgment notwithstanding the verdict (JNOV) to Calem, ruling that the DOTD had knowledge of the condition. The DOTD appeals the JNOV. For the following reasons, we affirm.
On April 27, 1998, Calem was a passenger in a vehicle driven by her friend, Jerry Larwood. She was 16 years old at the time. As they drove west along Horseshoe Drive, they came to Masonic Drive, also known as Highway 165. Masonic is a five-lane highway running north and south, and it intersects Horseshoe Drive skewed at roughly a 60 degree angle. The width of Masonic is 54 feet, 9 inches. However, due to the angle, someone crossing Masonic from Horseshoe must travel approximately 100 feet to cross it. Prior to 1991, the intersection was controlled by a fixed red light (red-amber-green) during the entire day. However, in 1991, the DOTD modified the signal, making it a flashing red light from 10:15 p.m. to 6:00 a.m. Masonic, the major road, has a flashing yellow caution light, and Horseshoe has a flashing red stop light.
Larwood approached the intersection at 10:47 p.m., in the rain. He came to a stop at the flashing light, then eased out onto Masonic to better see oncoming traffic. He stopped again before proceeding into the intersection. He failed to see another | ¡¡.vehicle driven by Pamela Kees traveling down Masonic. He struck Ms. Kees in the fifth lane of Masonic Drive. At the scene, Larwood was cited for failure to yield. Calem was severely injured in the accident and was hospitalized for one month. She suffered several fractures of her legs, severe head trauma resulting in memory loss, and nerve damage which prevents her from controlling her bladder and bowels.
Calem sued the DOTD, claiming that the flashing light created an unreasonable risk of harm at the intersection. At trial, the jury agreed. However, the jury found that the DOTD did not have actual or constructive knowledge of the defect. Ca-lem moved for a JNOV on the notice issue, which was granted by the trial judge. In his reasons for judgment, the trial judge stated that the jury’s finding as to notice was “contrary to the undisputed facts and Louisiana law” and that the jury “misapplied the appropriate legal standard for proof of actual and constructive notice as required under La. R.S. 9:2800(B).” The trial judge assessed liability at 50 percent to Larwood and 50 percent to the DOTD, then ordered a new trial to consider Ca-lem’s damages, which were not considered by the jury due to the finding of no liability on the part of the DOTD. From the grant of the JNOV, the DOTD appeals.
The DOTD does not dispute the jury’s finding that the intersection created an unreasonable risk of harm. In this appeal, the DOTD challenges only the granting of the JNOV on the issue of notice. Therefore, that is all we must address.
Louisiana Code of Civil Procedure Article 1811 establishes the authority for a JNOV. As noted in Davis v. Walr-Mart Stores, Inc., 00-445 pp. 4-5 (La.11/28/00), 774 So.2d 84, 89 quoting in part Smith v. Davill Petroleum. Co. Inc., 97-1596, p. 4 (LaApp. 1 Cir. 12/9/98), 744 So.2d 28, 26-27.
A JNOV is warranted when the facts and inferences point so strongly and *852 overwhelmingly in favor of one party that the court believes that reasonable | ¿jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
The standard of review for a JNOV on appeal is a two part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.
Accordingly, that is the standard we will use in reviewing this appeal.
The DOTD claims that the jury’s finding that it had no notice of the dangerous condition was correct and should not have been overruled by the JNOV. We disagree. The standard of proof for notice is established by La. R.S. 9:2800, which states, in pertinent part:
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
In Faucheaux v. Terrebonne Consol. Gov’t, 615 So.2d 289, 293 (La.1993), the supreme court noted that a “public body charged with maintaining a public route cannot claim lack of knowledge of the need to provide warnings where the danger is obvious and inherent in the design and construction of the facility.” Furthermore, in a case dealing with DOTD changing stop signs at an intersection, this court stated |4“(s)ince it configured the design and signing of this intersection, DOTD cannot now contend that it did not have notice of the dangers inherent in its choice.” Newsom v. State, Dept, of Transp. and Dev., 93-815, p. 4 (La.App. 3 Cir. 3/30/94), 640 So.2d 374, 378 mi denied, 94-1118 (La.6/24/94), 641 So.2d 207.
Here, the DOTD designed the intersection at a skewed angle. They were well aware of the special dangers the intersection presented due to the angle and the high speeds of those traveling on Masonic, which is a highway. For this reason, the DOTD knew a traffic signal was required to control traffic at the intersection and placed one there accordingly. It was the DOTD that changed the fixed light at the intersection to a flashing red light. It was this modification that created a dangerous *853 condition.[2] Under Newsom, the DOTD cannot, therefore, claim that it did not have notice of the dangers created by this choice. Furthermore, the jury found the flashing red light itself to be the hazard at this intersection, and it is clear that the DOTD knew it was there, as they are the ones who put it there.
Additionally, the DOTD also had constructive knowledge of the threat posed by the flashing light. As stated above, constructive notice is the existence of facts which infer actual knowledge. La.R.S. 9:2800(0). The intersection has a lengthy accident history. There were 70 total accidents near the intersection from 1991 until the accident date. Eleven of these accidents involved collisions occurring while the light was flashing. In Ford v. State ex rel. DOTD, 99-1297 (La.App. 3 Cir. 4/12/00), 760 So.2d 478, writs denied, 00-1935 (La.9/27/00), 769 So.2d 1214, 00-1864, 00-1938 (La.9/29/00), 770 So.2d 350, this court dealt with the risk posed by trees growing within ten feet of a curve. This court held that the DOTD was aware of the risk, given that there had been three earlier accidents where vehicles left the | Rroad and hit the trees. Here, eleven accidents occurred while the light was flashing. This is substantially more than the three accidents used to impart knowledge to the DOTD in Ford. The extensive accident history of the intersection is a fact which infers knowledge to the DOTD.
The facts and law clearly show that the DOTD had knowledge of the flashing light and the hazard it imposed. The evidence points so strongly in favor of Calem on this issue that reasonable men could not reach a different conclusion. Accordingly, the trial judge did not err in granting a JNOV.
Having determined that the trial court correctly applied its standard of review as to the jury verdict, we now review the JNOV using the manifest error standard of review, in accordance with Davis.
In order to reverse a trial court’s findings of fact, an appellate court must, after reviewing the record in its entirety, find that 1) a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart v. State Through DOTD, 617 So.2d 880 (La.1998). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Cosse v. Allen-Bradley Co., 601 So.2d 1349, (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991).
Here, there is clearly a reasonable basis for the trial judge’s decision. As stated above, the DOTD made the choice to change the light from fixed to flashing and had constructive knowledge of the defect due to the high number of accidents at the intersection. Furthermore, Richard Bruce, the District Traffic Operations Engineer for the eight-parish district encompassing Alexandria, testified that he drove through the intersection thousands of times, hundreds of times at night under conditions |fisimilar to the accident. Mr. Bruce described his job responsibilities by stating he was “responsible for the use of all traffic control devices on our state highway system.” He stated that this includes traffic signals, signing, and striping of the roads in his district. He even testified that the intersection did not need reevaluation in accordance with the Manual on Uniform Traffic Control, as his frequent observations of the intersection, combined *854 with his engineering knowledge were sufficient for these purposes. Clearly, Mr. Bruce was a corporate officer or employee of the DOTD, and his knowledge of the flashing light at the intersection is imparted to the DOTD due to his high status within the Department. These facts clearly give a reasonable basis for the trial judge’s conclusion that the DOTD had notice of the defect at the intersection. Accordingly, the decision of the trial judge is not manifestly erroneous and will not be disturbed.
The decision of the trial judge is affirmed. Costs of this appeal are assessed against the DOTD. This case is hereby remanded for further proceedings in accordance with the trial court’s order for new trial.
AFFIRMED AND REMANDED.

. Sharon Rogers originally filed suit on behalf of her minor child, Calem. Calem was substituted as the proper party when she turned 18 years old.

. As stated above, the jury found that the intersection created an unreasonable risk of harm and the DOTD does not challenge this finding.